UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHANA GREEN                                    CIVIL ACTION

VERSUS                                         NO. 13-6630

RAND BEERS, *in his capacity as*              SECTION "B"(2)
*Secretary of the Department of*
*Homeland Security,* ET AL.

ORDER AND REASONS

I.   NATURE OF THE MOTION AND RELIEF SOUGHT

        Before the Court is Defendant, Century National Insurance
Company's, Motion for Summary Judgment.[1] Plaintiff, Shana Green,
has filed an opposition.[2] Subsequently, Century filed a reply.[3]
The motion, set for submission on January 21, 2015, is before
the Court on the briefs, without oral argument. Accordingly, and
for the reasons enumerated below,

        **IT IS ORDERED** that the Motion for Summary Judgment (Rec.
Doc. No. 29) is **DENIED**, without prejudice to Defendant's right
to address the issues at a later time.

II.  FACTS AND PROCEDURAL HISTORY

        Plaintiff, Shana Green, purchased a Standard Flood
Insurance Policy ("SFIP") issued by Defendant, Century National
Insurance Company ("Defendant" or "Century"), through the Write-
Your-Own ("WYO") flood insurance program to cover both the

---

[1] Rec. Doc. No. 29.
[2] Rec. Doc. No. 31.
[3] Rec. Doc. No. 35.

building and the personal property.[4] Century provides flood insurance through the National Flood Insurance Program (NFIP) under an agreement with the Federal Emergency Management Agency (FEMA), which authorizes it to operate as a WYO insurance company.[5]

On August 29, 2012, Hurricane Isaac's floodwaters inundated Plaintiff's property, located in LaPlace, Louisiana, and caused extensive damage.[6] Shortly after the storm, Plaintiff filed a claim for damages caused by the floodwaters.[7] The claim was originally assigned to an independent adjusting firm, Valco-USA.[8] Dissatisfied with the handling of the matter, Plaintiff hired public adjusting firm, McDonough & Co., LLC d/b/a Proclaim ("Proclaim") to prepare an accurate assessment of her losses.[9] Proclaim prepared a Proof of Loss claim for $133,713.25, which was submitted to a Valco representative on October 16 and December 7, 2012.[10]

On November 20, 2012, Century claims to have mailed to Plaintiff a letter acknowledging the Proof of Loss but denying

---

[4] Rec. Doc. No. 31 at 2.
[5] Rec. Doc. No. 18 at 1; National Flood insurance Act of 1968, 42 U.S.C. § 4001, *et seq.*
[6] Rec. Doc. No. 31 at 2.
[7] Rec. Doc. No. 31 at 2.
[8] Rec. Doc. No. 31 at 1, Rec. Doc. No. 29-1 at 3.
[9] Rec. Doc. No. 31 at 2; Rec. Doc. No. 29-1 at 4.
[10] Rec. Doc. No. 31 at 3. Century contends that a Proof of Loss in this net amount was submitted on or about November 15, 2012. Rec. Doc. No. 29-1 at 4.

the claim, in part, due to a lack of supporting documentation.[11] Plaintiff claims Century failed to fully compensate under the terms of the policy.[12] Plaintiff claims to have received $59,408.63 for the building, less than the $93,855.50 reached by Proclaim, and $32,360.03 for the contents, less than the $105,207.00 contents list total submitted to Century.[13]

On December 12, 2013 Plaintiff initiated suit and filed an amended complaint, naming Century as the sole Defendant, properly invoking jurisdiction under 28 U.S.C. § 1331, Federal Question, and 28 U.S.C. § 1332, Diversity of Citizenship, and asserting claims for Declaratory Relief and Breach of Contract.[14]

## III.  LAW AND ANALYSIS

In moving for summary judgment, Century provides a two-pronged argument:  (1) Plaintiff's suit is time-barred; and, (2) Plaintiff's claim faces a procedural barrier.[15] First, Plaintiff failed to file suit within the one-year period set forth in Article VII(R) of her SFIP and § 4072 of the National Flood Insurance Act. A letter of partial denial was sent to the Plaintiff more than one pear prior to her filing of suit.[16]

---

[11] Rec. Doc. No. 29-1 at 5.
[12] Rec. Doc. No. 31 at 3.
[13] Rec Doc. No. 31 at 3.
[14] Rec. Doc. No. 9 at 1, 4-6.
[15] Rec. Doc. No. 29 at 2.
[16] Rec. Doc. No. 29-1 at 2.

Second, Plaintiff failed to timely provide supporting documentation by the FEMA deadline for submitting a Proof of Loss, barring recovery of further flood insurance benefits.[17]

Plaintiff opposes the Motion for Summary Judgment, disputing receipt of the November, 20, 2012 partial denial letter; and, arguing that she timely submitted supporting documentation for her SFIP claim, including a detailed contents list, photographs and itemized estimate.[18]

Thus, the issue before the Court is two-fold: (1) whether Plaintiff's suit is time-barred under the National Flood Insurance Act; and, (2) whether Plaintiff is barred from recovery for failure to properly file her SFIP claim.

A. *Summary Judgment Standard of Review*

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 749 (5th Cir. 2002). The proponent of the motion bears the burden of showing a lack of evidence to support his opponent's case. Fed.

---

[17] Rec. Doc. No. 29-1 at 2.
[18] Rec. Doc. No. 31 at 2, 4; Rec. Doc. No. 1.

R. Civ. P. 56(c); *Stauffer v. Gearhart*, 741 F.3d 574, 582 (5th Cir. 2014).

A genuine dispute of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v. CCC & R. Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013). A party cannot "defeat summary judgment with conclusory allegations, unsubstantial assertions, or 'only a scintilla of evidence.'" *Celtic Marine Corp. v. James C. Justice Companies, Inc.*, 760 F.3d 477, 481 (5th Cir. 2014); *TIG Ins. Co.*, 276 F.3d at 759.

B. *The National Flood Insurance Program ("NFIP")*

The NFIP was established by the National Flood Insurance Act of 1968 (the "Act"), 42 U.S.C. § 4001, *et seq.* The Federal Emergency Management Agency ("FEMA"), an agency of the Department of Homeland Security, administers the NFIP. The NFIP has two components: (1) a flood insurance program, and (2) a unified national plan for flood management. 42 U.S.C. § 4001(b) and (c). FEMA by regulation promulgated the Standard Flood Insurance Policy ("SFIP") and provided for marketing and claims adjustment by private insurers operating as "Write Your Own" ("WYO") companies. *C.W. Gallup v. Omaha Property and Casualty insurance Company*, 434 F.3d 341, 342 (5th Cir. 2003). These companies issue SFIPs in their own names, and arrange for the

adjustment, settlement, payment and defense of all claims arising from the policies. FEMA regulations establish the terms of the SFIP. *Id.* Claims are ultimately paid out of the U.S. Treasury. *Id.*

1. **Whether Plaintiff's Suit is Time-Barred under the National Flood Insurance Act**

Statute of Limitations

Plaintiff's claims, concerning the handling of an SFIP, are "governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968," and Federal common law. 44 C.F.R. pt. 61, App.A(1), Art. IX (2001).[19]

The Act, 42 U.S.C. § 4072, 'Adjustment and payment of claims; judicial review; limitations; jurisdiction,' provides in relevant part as follows:

> [U]pon the disallowance by the Administrator of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, **within one year after the date of mailing of notice of disallowance or partial disallowance** by the Administrator, may institute an action...

Article VII(R), 'Suits Against Us,' provides as follows:

> You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy. **If you do sue**, you must start the suit

---

[19] The Court notes that, because it is unclear whether Plaintiff's breach of contract claim is brought pursuant to state law or federal common law, state law claims against a WYO carrier are preempted by the National Flood Insurance Act. *Gallup*, 434 F.3d at 345.

> **within one year after the date of the written denial of all or part of the claim...**

Century argues that the statute of limitations begins to run as of the date it mailed the November 20, 2012 letter denying part of Plaintiff's claim for reimbursement.[20] Century has provided a copy of this letter which states, in relevant part:

> "[w]e have reviewed the Independent Adjuster's final report which indicates there were damages to contents items...We are denying payment for all contents that were discarded prior to inspection and or no documentation to show damaged [sic] by or from flood."[21]

Although Plaintiff claims to have never received this letter, the Act does not toll or otherwise condition the statute of limitations upon receipt of a partial disallowance notice.

However, several courts, including this one, have concluded that the statute of limitations under 42 U.S.C. § 4072 does not begin to run until the insurer denies a claim based upon a sworn proof of loss. *See e.g. Quader v. FEMA*, 543 F.Supp. 2d 558 (E.D. La. 2008); *Willis v. State Farm Fire & Cas. Co.,* Civ. A. No. 07-4862, 2008 WL 793514, at *3 (E.D. La. Mar. 24, 2008); Linblad v. Nationwide Mutual insurance Company, Civ. No. 14-908 (NLH/KMW), 2014 WL 6895775, at *5 (D. N.J. Dec. 4, 2014); *M&K Rest. v. Farmers Ins. Co*., No. 4:12-cv-00783 KGB, 2014 WL 3347865, at *10

---

[20] Rec. Doc. No.
[21] Rec. Doc. No. 29-18 at 1.

(E.D. Ark. July 8, 2014)("[S]ince the September 9, 2011, denial letter was not based upon a proof of loss, it does not trigger 42 U.S.C. § 4072"); *Altman v. Napolitano*, Nos. G-10-3004, G-10-cv-487, 2013 WL 788452, at *1 (S.D. Tex. Mar. 1. 2013); *but see In re Hurricane Sandy Cases*, No. 14 MC 41, 2014 WL 1379612, at *3 (E.D. N.Y. Mar. 28, 2014).

Here, the Court is unable to conclude, based on the record at this time, that the November 20, 2012 letter sent by Century to Plaintiff is sufficient to trigger the statute of limitations. Although the proof of loss must ordinarily be filed within 60 days of a loss event, 44 C.F.R. Pt. 61, App. A(1), Section VII(J)(4), FEMA extended the time to file a proof of loss for flood claims arising out of Hurricane Isaac, up until at least April 16, 2013. *See* FEMA Bulletin Release No: DR-4080-LA-224.[22]

It is not apparent from the record that Defendant's November 20, 2012 denial was based on a claim that included Plaintiff's sworn proof of loss. Given that the statute of limitations begins to run as of the date Defendant denied Plaintiff's claim that is based upon her sworn proof of loss, not from the date Defendant denied a claim based upon an

---

[22] FEMA, Deadline Approaching in Louisiana for Hurricane Isaac Flood Insurance Claims, available at: https://www.fema.gov/news-release/2013/04/16/deadline-approaching-louisiana-hurricane-isaac-flood-insurance-claims

adjuster's report, the Court cannot conclude that Plaintiff filed this civil action after the statute of limitations expired. Defendant's motion for summary judgment is denied, without prejudice to Defendant's right to address this issue at a later time.

2. **Whether Plaintiff is Barred from Recovery for Failure to Submit a Complete Proof of Loss**

Under the SFIP, the insured must submit a proof of loss that meets certain requirements:

> Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:
>
>   a. The date and time of loss;
>   b. A brief explanation of how the loss happened;
>   c. Your interest (for example, "owner") and the interest, if any, of others in the damaged property
>   d. Details of any other insurance that may cover the loss;
>   e. Changes in title or occupancy of the covered property during the term of the policy;
>   f. Specifications of damaged buildings and detailed repair estimates;
>   g. Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;
>   h. Details about who occupied any insured building at the time of loss and for what purpose; and,
>   i. The inventory of damaged personal property described in J.3 above.

44 C.F.R. pt. 61, app. A(1), art. VII(J).

"A NFIP participant cannot file a lawsuit seeking further federal benefits under the SFIP unless the participant can show

prior compliance with all policy requirements." *Richardson v. Am. Bankers Ins. Co. of Fla.*, 279 F.App'x 295, 298 (5th Cir. 2008). A proof of loss must include documents supporting the claimed amount, including "[s]pecifications of damaged buildings and detailed repair estimates," as well as "inventory of damaged property showing the quantity, description, actual cash value, and the amount of loss." 44 C.F.R. pt. 61, app. A(1) art. VII(J). An insured's failure to provide an insurer with supporting documentation precludes recovery under a SFIP. *See Marseilles Homeowners Condo. Ass'n, In. v. Fid. Nat. Ins. Co.*, 542 F.3d 1053, 1055 (5th Cir. 2008).

Century moves the Court for summary judgment on the ground that "Plaintiff failed to submit a documentation in support of her proof of loss for additional building damages, prior to the start of litigation and prior to FEMA's Proof of Loss deadline. While Plaintiff submitted a Proof of Loss, Plaintiff did not submit a building repair estimate...."[23] Therefore, "Plaintiff's claim for additional NFIP benefits should be dismissed as a matter of law."[24]

Plaintiff does not dispute the documentation requirement; however, contends that "through her public adjuster, she

---

[23] Rec. Doc. No. 29-1 at 1.
[24] Rec. Doc. No. 29-1 at 2.

■

provided Century with a detailed estimate supporting the amount claimed in her proof of loss form on more than two occasions."[25]

The Court finds that a question of fact exists as to whether Plaintiff submitted the necessary documents to support her proof of loss claim. In a sworn affidavit, Plaintiff's public adjuster, Michael P. Michio states:

> [O]n October 6, 2012, ProClaim finalized a detailed and itemized estimate of the flood-related damage to Ms. Green's home, which it then submitted to Century on multiple occasions...In the aftermath of Hurricane Isaac, it was ProClaim's practice...to submit documentation in support of each proof of loss form, including ProClaim's detailed, itemized estimate of building damage, and where applicable, a list of destroyed personal property. However, the lack of organization among insurance providers, including Century, was unprecedented...and insurance providers frequently denied receipt of ProClaim's submissions, even when ProClaim submitted documentation multiple times by fax, email, and U.S. mail.[26]

In support of the foregoing, Plaintiff provides a ProClaim flood estimate report that was "entered" on October 6, 2012, and contains estimates of building repairs and damage, by room, with photographic evidence.[27]  Further, an email from Mr. Michio to James Valentine, with Valco-USA, indicates that, on February 13, 2013, Plaintiff was seeking to supplement her contents claim, and that a spreadsheet and photos were being provided in

---

[25] Rec. Doc. No. 31 at 5.
[26] Rec. Doc. No. 31-1 at 2-3.
[27] Rec. Doc. No. 31-3 at 1-31 ("Exhibit C").

support.[28] In another email, Mr. Valentine appears to question the "extreme amount of contents listed," and Mr. Peters, of ProClaim, responds that ProClaim was of the "understanding that the photos and a detailed list...will suffice."[29]

Thus, a genuine issue of fact exists, precluding the Court from finding, at this time, that Plaintiff failed to submit the necessary documents on her SFIP claim.

**IV.   CONCLUSION**

Accordingly, and for the reasons enumerated above,

**IT IS ORDERED** that the Motion for Summary Judgment (Rec. Doc. No. 29) is **DENIED**, without prejudice to Defendant's right to address the issues at a later time.

New Orleans, Louisiana, this 22nd day of January, 2015.

_____
UNITED STATES DISTRICT JUDGE

---

[28] Rec. Doc. No. 31-5 at 24 ("Exhibit E"); photos at 1-17.
[29] Rec. Doc. No. 31-5 at 22, 23 ("Exhibit E").

12